UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 10-CV-3762 (JFB)
_____

LISL I. KAST,

Plaintiff,

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____

**MEMORANDUM AND ORDER**
February 7, 2012
_____

JOSEPH F. BIANCO, District Judge:

Lisl I. Kast (the "plaintiff" or "Kast") commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), that affirmed the Social Security Administration's (the "SSA") determination that plaintiff was receiving the maximum possible retirement benefits provided for under Title II of the Social Security Act (the "Act"). Plaintiff bases her challenge on the fact that her husband has been receiving a higher retirement benefit than she has. The Commissioner has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court finds that the Commissioner's decision was based upon the application of the correct legal standards and is supported by substantial evidence. Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

I. BACKGROUND

A. Facts

Plaintiff was born on April 23, 1930 and earned a total of $1,125,479.03 during her years of employment from 1951 to 2008. (AR[1] 30-33.) Plaintiff first applied and became eligible for retirement insurance benefits on April 15, 1995, and she had been entitled to receive retirement benefits since April 1995. (AR 53, 56-57.) Since December 2006, plaintiff has been receiving

---

[1] "AR" refers to the administrative record filed on appeal.

a monthly benefit of $1,792.40. (AR 53.)

Plaintiff's husband, Paul Kast, was born on June 5, 1928, and earned a total of $1,644,396.66 during his years of employment from 1952 to 2008. (AR 25-29.) Since December 2006, plaintiff's husband has been receiving a monthly benefit of $2,213.00. (AR 37.)

Prior to June 2007, plaintiff and her husband sent several letters asking why plaintiff and her husband were not receiving equal benefits amounts. (AR 53.) On June 19, 2007, the SSA notified plaintiff that she was receiving the highest possible benefit amount for which she was eligible. (AR 53.) Plaintiff requested that the SSA reconsider this determination. (AR 53.) In a Notice of Reconsideration dated October 14, 2007, the SSA informed plaintiff that it had reviewed its determination and that its June 19, 2007 decision was correct. (AR 51-55.) The SSA explained that plaintiff and her husband were born in different years and, therefore, even if plaintiff and her husband earned exactly the same amount, their benefits would not be equal. (AR 53.) The SSA further explained that the amount of the monthly benefit is based on the primary insurance amount, which is the basic unreduced benefit, and it is derived from the total employment history reflected in the individual's earning record. (AR 53.) The SSA informed plaintiff that the formula for computing her benefits is located in Section 215 of the Act. (AR 53.) The SSA then detailed the plaintiff's primary insurance amount and monthly benefits amount. (AR 54.)

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") on January 1, 2008, stating that she disagreed with the determination because plaintiff and her husband have "almost identical work records," yet her husband received "approximately $500 more per month." (AR 46, 48.) Plaintiff waived personal appearance and no hearing was held.[2] (TR 46, 48, 23.)

On February 20, 2008, ALJ Joseph R. Faraguna affirmed the SSA's October 14, 2007 reconsideration determination and found that plaintiff was receiving the maximum possible retirement benefit using the formula provided by law and based on the earnings posted on her record, date of entitlement and date of birth. (AR 20-24.) ALJ Faraguna explained that plaintiff's husband had earnings in several years that plaintiff did not, and that plaintiff's husband had much higher earnings from 1995 through 2006. (AR 23.) Accordingly, plaintiff's husband's earnings were higher than her. (AR 23.)

Plaintiff requested a review of the ALJ's decision. (AR 1A-4.) The Appeals Counsel denied plaintiff's request to review the ALJ's decision because they found no reason under their rules to review the ALJ's decision. (AR 1A-4.)

II. PROCEDURAL HISTORY

Plaintiff commenced this action on August 16, 2010, appealing the ALJ's decision that she was receiving the maximum possible benefits amount permitted by law. The Commissioner answered on December 16, 2010, and filed the pending motion for judgment on the pleadings on March 2, 2011. Plaintiff responded on March 11, 2011, and the

---

[2] On plaintiff's request for a hearing by an Administrative Law Judge, plaintiff checked the box indicating that she would like to appear at a hearing. (AR 48.) However, plaintiff indicated on her documents sent to the SSA that she waived the hearing. (AR 46.)

2

Commissioner replied on April 4, 2011. Plaintiff submitted a response to the Commissioner's reply on April 7, 2011. The Court has fully considered the submissions and arguments of the parties.

### III. STANDARD OF REVIEW

A district court may only set aside a determination by an ALJ that is "based upon legal error" or "not supported by substantial evidence." *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998) (citing *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam)). The Supreme Court has defined "substantial evidence" in Social Security cases as "more than a mere scintilla" and that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal quotations and citations omitted)). Furthermore, "it is up to the agency, and not th[e] court, to weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). If the court finds that there is substantial evidence to support the Commissioner's determination, the decision must be upheld, even if there is substantial evidence for the plaintiff's position. *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998); *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey*, 145 F.3d at 111; *see also Jones*, 949 F.2d at 59 (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)).

In order to obtain a remand based on additional evidence, a plaintiff must present new evidence that: "(1) is new and not merely cumulative of what is already in the record[;]" (2) is material, in that it is "relevant to the claimant's condition during the time period for which benefits were denied," probative, and presents a reasonable possibility that the additional evidence would have resulted in a different determination by the Commissioner; and (3) was not presented earlier due to good cause. *Lisa v. Sec'y of the Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991).

### IV. DISCUSSION

#### A.   Retirement Insurance Benefits

Pursuant to Title II of the Act, retirement insurance benefits under Title II are payable to a fully insured individual who has attained the age of 62 and has filed for retirement benefits. *See* 42 U.S.C. § 402(a); 20 C.F.R. § 404.310. If an individual has met retirement age as defined in Section 416(l) of the Act, that individual is entitled to insurance benefits for each month beginning with the first month in which the individual meets the criteria. 42 U.S.C. § 402(a). Full retirement age for retirement insurance benefits for individuals born before January 2, 1938 is 65 years. 42 U.S.C. § 416(l). According to Section 402(a) of the Act:

> Except as provided in subsection (q) and subsection (w) of this section, such individual's old-age insurance benefit for any month shall be equal to his primary

3

insurance amount (as defined in section 415(a) of this title) for such month.

42 U.S.C. § 402(a). Section 415(a) of the Act provides that the primary insurance amount ("PIA") is based on an individual's taxable earnings averaged over the number of years worked. *See* 42 U.S.C. § 415(a). For persons who attained full retirement age after 1978, PIA is calculated using the average-indexed-monthly-earnings ("AIME") method. 20 CFR § 404.204; 20 CFR § 404.210. There are three steps taken pursuant to the AIME method: (1) The individual's earnings are indexed pursuant to 20 CFR § 404.211; (2) the SSA determines the applicable benefits formula in effect for the year the individual reached the age of 62 which is found in 20 CFR § 404.212; and (3) the benefits formula is applied to the individual's average indexed monthly earnings. 20 CFR § 404.210.[3]

### B. The ALJ's Decision was Based on Substantial Evidence Supported by the Record

Having carefully reviewed the record, this Court finds that in the AJL's determination on October 14, 2007, the ALJ applied the correct legal standard, and there is substantial evidence to support the ALJ's determination that plaintiff is receiving the maximum amount of retirement benefits permitted by law.

Plaintiff's only reason for bringing this action is the fact that her husband is receiving a larger benefits amount than she is. However, the difference in benefits is clearly warranted under the applicable law. It is true that plaintiff and her husband did earn identical amounts in the years of 1961-1968 and 1970-1994. As explained at length by ALJ Faraguna, the discrepancy in benefits received by plaintiff and her husband results from the fact that plaintiff's husband worked during the years of 1954-1957 and 1969 while plaintiff did not, and because he had much higher earnings than

---

[3] Moreover, the Act provides for Delayed Retirement Credits for any month for which an individual was at least at full retirement age, was insured for retirement benefits, and did not receive retirement benefits. 42 U.S.C. 402(w); *see also* 20 CFR § 404.313. As explained in 20 CFR § 404.313:

> Delayed retirement credits (DRCs) are credits we use to increase the amount of your old-age benefit amount. You may earn a credit for each month during the period beginning with the month you attain full retirement age (as defined in § 404.409) and ending with the month you attain age 70 (72 before 1984). You earn a credit for each month for which you are fully insured and eligible but do not receive an old-age benefit either because you do not apply for benefits or because you elect to voluntarily suspend your benefits to earn DRCs. Even if you were entitled to old-age benefits before full retirement age you may still earn DRCs for months during the period from full retirement age to age 70, if you voluntarily elect to suspend those benefits. If we have determined that you are entitled to benefits, you may voluntarily suspend benefits for any month beginning with the month after the month in which you voluntarily request that we suspend your benefits. If you apply for benefits, and we have not made a determination that you are entitled to benefits, you may voluntarily have your benefits suspended for any month for which you have not received a payment.

20 CFR § 404.313. Accordingly, Delayed Retirement Credits result in a higher benefit amount where a person delays taking retirement benefits beyond full retirement age. *See id.*

4

plaintiff in the years from 1995 through 2006. (AR 23, 25-29, 30-33.) Thus, her husband's total earnings after 1936 were $1,644,396.66 while plaintiff's total earnings were $1,125,479.03. (AR 23, 25-29, 30-33.)

Moreover, as discussed *supra*, plaintiff's retirement benefit equals her PIA and the PIA is based on her earnings throughout her entire career and the year she attained the age of 62. 20 C.F.R. § 404.210. Accordingly, because plaintiff and her husband had different total earnings, their PIAs cannot be the same and, accordingly, their benefits earning cannot be the same. Additionally, because plaintiff and her husband turned 62 in different years, different PIA formulas were applied, and thus, their benefits were calculated differently. Therefore, the ALJ's determination was based on substantial evidence in the record.[4]

In sum, the Commissioner's determination, namely that plaintiff was receiving the maximum possible retirement insurance benefit pursuant to Title II of the Social Security Act, was based upon the application of the correct legal standard and is supported by substantial evidence. Plaintiff's arguments have no merit under the law.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is granted in its entirety. The Clerk of Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:  February 7, 2012
        Central Islip, New York

\*   \*   \*

The attorneys for defendants are:  Robert W. Schumacher, II, Esq., United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201. Plaintiff is proceeding *pro se*: Lisl I. Kast, 111 Fairwater Avenue, Massapequa, New York, 11758.

---

[4] As discussed *supra* at note 3, Delayed Retirement Credits will increase the amount of benefits received. The Commissioner also argues that plaintiff's husband continued to work after the age of 65 and did not receive monthly payments through age 70 and thus earned more Delayed Retirement Credits which increased his benefits amount. (AR 26-31.) ALJ Faraguna did not address plaintiff's husband's Delayed Retirement Credits in his decision. In any event, the Court finds that there was substantial evidence from the record to find that plaintiff has received the maximum amount of benefits permitted by the Act.